FILED
JAN 2 4 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY MISTER, ) | |
| ) Plaintiff, ) | |
| ) vs. ) | No.: **06C 0407** |
| ) NORTHEAST ILLINOIS COMMUTER ) RAILROAD, d/b/a METRA- ) METROPOLITAN RAIL, ) | Judge: **JUDGE HOLDERMAN** Trial by Jury Demanded |
| ) Defendant. ) | **MAGISTRATE JUDGE GERALDINE SOAT BROWN** |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, GARY MISTER, by and through his attorneys, James T. Foley and HOEY & FARINA, P.C., and for his Complaint against Defendant, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a METRA, METROPOLITAN RAIL (hereinafter METRA), states as follows:

1. Jurisdiction of this Court is invoked under the provision of Title 45 U.S. Code § 56 and Title 28 U.S. Code § 1331.

2. This action arises under and the rights and liabilities of the parties to this cause are governed by the Federal Employers Liability Act, 45 U.S.C. § 51, et seq.

3. At all times herein, the Defendant, METRA, was and is a railroad corporation doing business in the State of Illinois.

4. At all times here in, the Defendant, METRA, was and is a common carrier by railroad, engaged in Interstate Commerce.

5. On January 25, 2005 at or about 6:35 P.M., the Defendant METRA owned, maintained and operated a railroad yard, depot and/or facility commonly known as the Blue Island Depot, located in Blue Island, Cook County, Illinois.

6. On January 25, 2005, and at all pertinent times, Defendant METRA, owned maintained, used in its operation, an area at the Blue Island Depot, west of Grove Street for employee parking of vehicles.

7. On January 25, 2005 at or about 6:35 P.M. and at all pertinent times, Plaintiff, as a conductor employed by Defendant METRA, was required to park his car on Defendant's property in a lot at the Blue Island Depot west of Grove Street.

8. On January 25, 2005, at or about 6:35 P.M., while employed by Defendant METRA as a conductor, and while in the course of his employment with Defendant, Plaintiff was required to transverse Defendant's property in an area of the Blue Island Depot west of Grove Street in an effort to reach his vehicle. While in the course of transversing Defendant's property, Plaintiff was caused to slip and fall in an are of Defendant's property that was not properly lighted, not properly maintained, not properly clear of snow and debris, and unsafe for Defendant's employees, in spite of the fact that Defendant METRA had actual notice of this unsafe condition for a period of at least one week.

9. At the time and place alleged, Plaintiff's duties were in furtherance of Interstate Commerce for Defendant METRA.

10. At the time and place alleged, the Defendant, METRA, had a non-delegable duty to provide Plaintiff with a reasonably safe place to work, and to keep such place of work in a reasonably safe condition.

2

11. In violation of its' duty, Defendant METRA negligently and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions:

(a). Failed to adapt, install, implement and enforce a safe method and procedure for the described operation;

(b). Failed to properly inspect, maintain and process its walkways, parking lots, ballast level, and property so that the same became hazardous to the safe footing of its employees;

(c). Failed to warn Plaintiff that there was a tripping hazard in his work area, an area Defendant had notice of a dangerous condition and required him to walk in, in spite of Defendant being put on notice of the dangerous condition prior to January 25, 2005, at or about 6:35 P.M.

(d). Failed to properly illuminate Plaintiff's work area;

(e). Negligently and carelessly failed to repair, maintain, rehabilitate, properly plow, and remove unnatural accumulations of snow and ice from an area Plaintiff was required to transverse when it had actual notice of a defective, unsafe condition on its property;

(f). Negligently and carelessly caused unnatural accumulation of snow and ice to exist in an area it knew its employees were required to transverse;

3

  (g). Negligently and carelessly failed to warn Plaintiff of the unsafe and poor ground conditions when timely warning would have averted injury to Plaintiff;

  (h). Failed to properly inspect the area around the Blue Island Depot, west of Grove Street, when ordinary inspection would have revealed that the area contained large unnatural accumulation of snow and ice;

  (i). Failed to properly adapt, install, implement, and enforce a safe method and procedure for the maintenance of walkways, parking lots, and the property, under the conditions present at the time and place of the incident complained of;

  (j). Otherwise failed to exercise ordinary care to provide Plaintiff with a safe place to work.

12. Defendant's failure to provide Plaintiff, GARY MISTER with a safe place to work and by one of the aforementioned acts or omissions caused, in whole or in part, Plaintiff's injuries.

13. As a consequence, Plaintiff, GARY MISTER incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff GARY MISTER has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff, GARY MISTER, has incurred medical, hospital, and related expenses and is reasonably certain to incur further medial, hospital and related expenses in the future.

WHEREFORE, the Plaintiff, GARY MISTER, demands judgment in his favor and against Defendant METRA, in a sum in excess of $100,000.00 plus the costs of this suit.

Respectfully submitted,
Gary Mister

By: _____
Attorney for Plaintiff

James T. Foley
HOEY & FARINA, P.C.
542 South Dearborn
Suite 200
Chicago, Illinois 60605
(312) 939-1212