
CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

# In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-2234

GARY MISTER,

                        *Plaintiff-Appellant*,

v.

NORTHEAST ILLINOIS COMMUTER RAILROAD
CORPORATION, doing business as
Metra Metropolitan Rail,

                        *Defendant-Appellee*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:06-cv-00407—**Geraldine Soat Brown**, *Magistrate Judge*.

ARGUED FEBRUARY 11, 2009—DECIDED JULY 9, 2009

Before BAUER, RIPPLE and WOOD, *Circuit Judges*.

BAUER, *Circuit Judge*. After a long work day, Gary Mister walked toward his car, slipped, fell, and sued his employer, the Northeast Illinois Commuter Railroad Corporation (Metra), under the Federal Employers Liability Act. 45 U.S.C. § 51 *et seq*. At the hospital, Mister could not discuss the incident with Metra Safety Officer Kirk Kroner because he was in pain. But Kroner discussed the fall

with Mister's supervisors, who were present at the hospital but did not witness the fall. Kroner handwrote a report of his findings, which included a statement that another employee had fallen the previous week at the same spot. The district court found the report inadmissible; it determined that the report was inherently unreliable since Kroner had no personal knowledge of the events described. On appeal, Mister argues that the report should have been admitted as an admission by a party opponent pursuant to Federal Rule of Evidence 801(d)(2)(D). For the following reasons, we affirm.

## I. BACKGROUND

On January 25, 2005, Mister arrived at work, parked in an unpaved lot (where parking was prohibited) approximately 15 feet from the train on which he would work that day, then worked his "run" (which is a full-day shift), and returned to the station. On the short walk back to his car, Mister slipped on snow or ice and fell.

Mister's wife was at the station and took him to the hospital. Pursuant to Metra policy, Mister informed his on-duty supervisor, Bob Tague, about his accident. Tague reported the fall to district superintendent Hersey Steptoe. Once informed, Tague and Steptoe made their way to the hospital to make sure Mister was safe and to investigate the event.

Metra's Safety Officer, Kroner, joined the other Metra officers at the hospital. Kroner's job required that he ensure that all safety rules were complied with and, in

case of an employee injury, to investigate the accident and summarize his findings in a report. At the hospital, Kroner was not able to discuss the accident with Mister due to Mister's pain. Instead, Kroner simply discussed the event with Tague and Steptoe and recorded his finding on a single sheet of loose-leaf paper.

According to the report, "[Metra] had a similar incident less then [sic] a week earlier in the same spot." This statement referred to a slip and fall reported by another Metra employee, Wally Wyman. Apparently, Wyman parked in the same unpaved lot and also slipped on ice. No one knew the details of Wyman's fall. More importantly, despite stating that it was in the same spot, Kroner did not know where either Mister's or Wyman's fall had taken place.

At trial, Mister attempted to introduce the report as a party admission under Fed. R. Evid. 801(d)(2)(D) and have the Metra officers testify about the report's contents—mainly, Wyman's accident. The district court found the report inadmissible and did not allow testimony regarding it; she found the report inherently unreliable and stated, "[t]he agent has to have a basis for making the statement. [Kroner] has no personal knowledge on which to make that statement, and [Mister has not] established a foundation for it." Ultimately, the court barred the report and its accompanying testimony. The district court further denied the report under Fed. R. Evid. 403. It stated that "even under Rule 403, the document should not be admitted. [Kroner's] testimony is contrary. It undermines his ability to draw the conclusion that

is stated in that letter that [Metra] had an accident at the . . . same spot . . . because [Kroner] testified that he didn't know where Gary Mister fell."

The jury returned a verdict in favor of Metra and Mister timely appealed.

## II. DISCUSSION

Mister argues that the district court erred when it refused to admit Kroner's report under Fed. R. Evid. 801(d)(2)(D), and allow Metra officers to testify about said report. We review the court's evidentiary rulings for an abuse of discretion. *Aliotta v. National Railroad Passenger Corp.*, 315 F.3d 756, 759 (7th Cir. 2003). Under this standard, "we will not find error unless the court's decision is based on an erroneous conclusion of law or the record contains no evidence on which the court rationally could have based its decision or the supposed facts which the court found are clearly erroneous." *Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 621 (7th Cir. 2003).

Kroner's report, and its reference to Wyman's fall, are certainly hearsay in the usual sense of that term. Kroner wrote the statement based on information provided to him by Tague, who had learned it from Mister, who was presumably told by Wyman that he had fallen a week earlier. But nevertheless, "Rule 801(d)(2), on its face, merely defines as non-hearsay certain hearsay-like evidence." *Aliotta*, 315 F.3d at 761. Under Rule 801(d)(2)(D), "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement

by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . ." *United States v. Swan*, 486 F.3d 260, 264-65 (7th Cir. 2007) (citing Fed. R. Evid. 801(d)). This Rule "simply requires that the statement be made by an individual who is an agent, that the statement be made during the period of the agency, and that the matter be within the subject matter of the agency." *Young*, 327 F.3d at 622.

The district court refused to admit this statement on the ground that it was inherently unreliable since it lacked foundation and was based on various levels of hearsay. Metra argues that the requirement of first-hand knowledge is imbedded within the Rule and Kroner simply had no first-hand knowledge of the matters about which he wrote. Neither Kroner, Tague, nor Steptoe were present during Mister's or Wyman's fall or knew the location of Wyman's fall. Mister did not discuss his fall with the report's author, Kroner, and Kroner did not know where Mister had fallen when he wrote the statement. Kroner's investigation only included what Tague and Steptoe may have been told about the previous incident. Thus, Metra claims that the document lacks the proper foundation to be admitted as a party admission.

Metra's position is this: a district court must exclude statements made in a corporate officer's report, who was hired to investigate incidents by discussing the event with other corporate employees and to summarize their accounts of the event in a report, if the officer lacked first-hand knowledge of the incident.

We disagree with that position. Metra would have us exclude a great chunk of corporate testimony from employees because they rely on information that other people have told them in the course of the job. Briefly, Kroner's report meets all of the Rule's criteria to be classified as non-hearsay. Undisputably, the report that was offered by Mister against his employer Metra, was prepared in the usual course of business, by Metra's Safety Officer (the agent) investigating Mister's work accident. Rule 801(d)(2)(D) does not require anything else along the lines of internal verification of the report's contents. *See Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1110 (7th Cir. 2004) (statement admissible under 801(d)(2)(D) even though district court refused to consider it because it lacked proper evidentiary foundation). Accordingly, we believe that the district court erred in this finding and that Kroner's report does fall within the confines of Rule 801(d)(2)(D).

But this does not automatically require that the report be admitted into evidence. After statements are classified as non-hearsay under Rule 801(d)(2)(D), "[t]he question remains whether there are other objections." *Aliotta*, 315 F.3d at 763. Mister maintains that, as a Rule 801(d)(2) admission, the testimony is admissible regardless of other considerations. At oral argument, Mister argued that anything asserted by an investigative official, if found in a report created within the scope of his employment, even if extremely ridiculous like "the cow jumped over the moon," should come into evidence. Although there are rules that call for the generous treatment of party-opponent

admissions (the 1972 advisory committee notes to Rule 801 suggest that admissions are sometimes free from the personal knowledge requirement of Rule 602), they "still do not stand for the proposition that Rule 801(d)(2) trumps *all other* Federal Rules of Evidence." *Id*. (emphasis in original).

Fed. R. Evid. 403 requires that a district court determine whether the prejudicial effect of admitting such evidence outweighs its probative value and thereby renders it inadmissible. *Aliotta*, 315 F.3d at 763. What we have here is a non-hearsay report that is derived from multiple levels of hearsay. Although the report stated that a similar fall occurred in the "same spot," no one knew what spot. No one knew exactly where Wyman had fallen and there is absolutely no basis to conclude that Mister slipped and fell in the same location as Wyman.

Although it would have been proper to admit the report and allow Metra to expose the statement's unreliability on cross-examination, it was not improper to find the report unreliable based on the multiple levels of hearsay and lack of precise factual statements. We find that the district court did not abuse its discretion when it barred Kroner's report, and the accompanying testimony about its contents.

### III. CONCLUSION

The district court erred when it did not classify the report as an admission by a party opponent under Rule 801(d)(2)(D); however, the court did not abuse its

discretion when it found the record inadmissible under Rule 403, and therefore, we AFFIRM.

---